ORIGINAL

REISSUED FOR PUBLICATION
23 FEB 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 15-476V

Filed: January 27, 2017

FILED

JAN 27 2017

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \*

ROY BUSH,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \*

Dismissal; Failure to Prosecute;
Failure to Follow Court Orders.

*Roy Bush, pro se, Pound, VA.*
*Linda Renzi, United States Department of Justice, Washington, DC, for respondent.*

## DECISION DISMISSING PETITION[1]

**Roth**, Special Master:

On May 11, 2015, petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program,[2] alleging that he was injured by a vaccine listed on the Vaccine Injury Table. *See generally*, Petition, ECF No. 1. At that time, petitioner was represented by counsel. Counsel subsequently filed a motion to be relieved, which

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

was granted on August 2, 2016. *See* Motion to Withdraw as Attorney, filed April 4, 2016, ECF No. 25; Order, issued August 2, 2016, ECF No. 29.

On September 28, 2016, the undersigned held a status conference with Mr. Bush and respondent's counsel; at this time, petitioner advised the Court that he was in the process of looking for alternative counsel. Following that status conference, the undersigned issued an order requiring petitioner, Mr. Roy Bush, to file a Status Report by no later than November 14, 2016, updating the Court on his progress in retaining a new attorney. Scheduling Order, issued September 29, 2016, ECF No. 31.

On November 21, 2016, chambers staff attempted to contact Mr. Bush via telephone, leaving a voicemail requesting that he submit the required Status Report as soon as possible. Mr. Bush did not respond to this communication. On November 28, 2016, chambers staff again attempted to contact Mr. Bush via telephone, but were unable to reach him.

On November 30, 2016, the undersigned issued an Order to Show Cause, requiring petitioner to file a status report or otherwise show cause for why his case should not be dismissed for failure to prosecute, by no later than Tuesday, January 17, 2017. Petitioner was advised that failure to respond to court orders would result in the dismissal of his claim. Petitioner did not file a status report, nor did he contact the Court in any way to indicate that he still intended to prosecute his case. Petitioner never contacted chambers or otherwise responded.

It is petitioner's duty to prosecute his case, and to follow court orders. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). **Accordingly, this case is dismissed for failure to prosecute and failure to follow courts orders. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Mindy Michaels Roth
Special Master

2